IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

PAUL O. DICKENS, SR.           )
                               )
v.                             )    No. 3:09-0558
                               )    Judge Trauger/Bryant
RICKY J. BELL, Warden, et al.  )


To:    The Honorable Aleta A. Trauger, District Judge


## REPORT AND RECOMMENDATION

This matter has been referred to the undersigned for further proceedings under Rule 8(b), Habeas Corpus Rules. (Docket Entry Nos. 13, 20) After review of the petition, the court directed respondents to file a responsive pleading (Docket Entry No. 5), and respondents subsequently filed a motion to dismiss the petition (Docket Entry No. 10), which is currently pending. Petitioner has filed a notice of change of address, wherein he also seeks to ascertain the status of his case (Docket Entry No. 22), but he has not responded to the motion to dismiss. After review of the motion, supporting memorandum, and the record below (Docket Entry Nos. 10-12), the undersigned recommends that, for the reasons given below, the motion to dismiss be GRANTED and the petition be DISMISSED with prejudice.

### Statement of the Case

The facts underlying petitioner's conviction and sentence of incarceration are set forth in the opinion of the Tennessee Court of Criminal Appeals, in State v. Paul O. Dickens, Sr., 2006 WL 359664, at *1-5 (Tenn. Crim. App. Feb. 15, 2006), contained in the record here at Docket Entry No. 12, Add. 12. A statement of these facts will not be repeated

here, given the arguments raised in the petition.

On September 28, 2004, petitioner was convicted by a jury on felony charges of attempted voluntary manslaughter, reckless endangerment, and two counts of coercion of a witness. (Docket Entry No. 12, Add. 1 at 38-43) He was sentenced on November 22, 2004, to an effective prison term of twenty-four years. Id., Add. 8 at 57-59. The Tennessee Court of Criminal Appeals affirmed the judgments of the trial court, and permission to appeal to the Tennessee Supreme Court was denied on June 26, 2006. Id. at Add. 12.

On September 26, 2006, petition filed for state post-conviction relief, and subsequently amended that petition on July 3, 2007. The post-conviction court dismissed the petition on April 30, 2008. The Tennessee Court of Criminal Appeals affirmed the dismissal of the post-conviction petition on April 28, 2009. Dickens v. State, 2009 WL 1138131 (Tenn. Crim. App. Apr. 28, 2009). Permission to appeal to the Tennessee Supreme Court was thereafter denied.

Petitioner filed the current, federal habeas petition on June 11, 2009, claiming as he had before the state courts on post-conviction review that his trial counsel was constitutionally ineffective on two fronts: in failing to file a motion to sever the charges of coercion of a witness from the charge of attempted murder, and in allowing petitioner to take the stand and testify despite having been informed that petitioner had not been given his daily dose of Prozac, a medication which aids petitioner in controlling his emotions. Respondents argue that neither Sixth Amendment claim has merit, inasmuch as neither claim for relief was denied by the state courts in a way that was contrary to federal law, or in a way that demonstrated an unreasonable determination of the facts in light of the evidence presented below.

2

Conclusions of Law

Title 28 U.S.C. § 2254(d) provides the following with respect to granting writs of habeas corpus to prisoners who are in custody pursuant to a state court judgment:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The "unreasonable application" of clearly established federal law differs from an "incorrect application." Williams v. Taylor, 529 U.S. 362, 411 (2000). If clearly established law is incorrectly, but not unreasonably applied, then the writ will not issue. Id. at 411-12. Under the "unreasonable application" clause, "a federal habeas corpus court may grant the writ if the state court identifies the governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. at 413. The "contrary to" clause is satisfied when a state court "arrives at a conclusion opposite that reached by the Court on a question of law or if the state decides the case differently than the Court has on a set of materially indistinguishable facts." Id. at 412-13. Further, where state courts have made factual determinations regarding issues presented for federal habeas corpus review, such determinations are presumed to be correct, and the petitioner has the burden of

3

rebutting that presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

Here, the Tennessee Court of Criminal Appeals applied the standard for ineffective assistance of counsel claims enunciated in Strickland v. Washington, 466 U.S. 668, 687 (1984), observing that the petitioner must establish (1) deficient performance and (2) prejudice resulting from the deficiency. "In order to demonstrate prejudice, the petitioner must show that there was a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different." Dickens, 2009 WL 1138131, at *6 (citing Strickland, 466 U.S. at 694). With respect to petitioner's claim of ineffective assistance when counsel failed to move to sever the charges against his client, the Court of Criminal Appeals found as follows:

> Trial counsel testified that he did not remember discussing the possibility of severing the cases and, further, that he felt like the recorded phone conversations used to establish the coercion charges actually helped the petitioner's case with regard to the other charges. He stated that, as a matter of trial strategy, he wanted the conversations admitted into evidence. Based upon his belief that the calls were helpful to the more serious charges and that he believed the evidence of the other crimes would be at least partially admissible in both cases, we, like the post-conviction court, conclude that it was a valid trial strategy which trial counsel pursued after adequate research.

Id. at *8. Accordingly, the Court of Criminal Appeals affirmed the lower court's finding that trial counsel was not deficient in failing to seek severance, but was exercising valid, adequately considered tactical judgment in declining to seek severance. (And indeed, petitioner was not convicted of attempted murder, but of lesser included offenses.) Even if this decision were assumed to be deficient under Strickland, the Court of Criminal Appeals found that the prejudice prong had not been satisfied, since any motion to sever the offenses

4

charged would have been subject to denial due to the crimes charged being part of a common scheme or plan, and the evidence of each offense being admissible in the trial of the other offense. Dickens, 2009 WL 1138131, at *9. Moreover, the court found that any such motion to sever would in fact have been denied, given the trial court's statement on the record to that effect. Id. These findings are not contrary to, nor do they involve an unreasonable application of, clearly established federal law. See, e.g., Flowers v. Norris, 585 F.3d 413, 417-18 (8th Cir. 2009). Accordingly, this ineffective assistance claim does not merit habeas relief.

Likewise, with respect to petitioner's claim that trial counsel was ineffective in allowing him to testify on his own behalf when he had not received his daily dose of Prozac, and so was less emotionally stable than he should have been, the state post-conviction courts found that counsel was not aware of the missed dose, based on his credible testimony versus the incredible testimony of the petitioner that he had specifically informed counsel of same. Dickens, 2009 WL 1138131, at *8. The Court of Criminal Appeals further found that an evidentiary exhibit introduced on post-conviction review established that while "petitioner informed the transport officer that he had not received his medication that day and that the jail staff was informed, the exhibit introduced stated that the petitioner would be fine without the medication until he was returned to the jail." Id. These factual findings are presumed correct, in the absence of a clear and convincing showing by petitioner to rebut that presumption. In this vein, petitioner in his verified petition asserts that the proof adduced on post-conviction review showed that Rutherford County Jail personnel were aware both of the missed dose, and of his need for daily medication which was evident from its prescription by the doctor at the jail. (Docket Entry No. 1 at 8) However, this showing falls far short of a clear and convincing demonstration that counsel's testimony was not

5

worthy of credence, and that the effect of missing one dose was more than negligible.

Petitioner further argues that federal courts have held that due process is violated when a jail facility over-medicates a detainee under circumstances which could compromise the detainee's ability to participate in his own defense. Id. at 9. However, the argument that the jail's withholding of medication under similar circumstances is likewise contrary to law, id., in no way implicates the lawfulness of the state courts' findings under collateral attack here: namely, that there is no merit to petitioner's claim that he received ineffective assistance when trial counsel called him to testify despite his unmedicated state. The state court finding that this claim of ineffective assistance is without merit did not involve any unreasonable application of, nor was it contrary to, any clearly established federal law, and accordingly habeas relief is not warranted.

Recommendation

In light of the foregoing, the Magistrate Judge recommends that the motion to dismiss the petition for writ of habeas corpus be GRANTED, and that the petition be DISMISSED with prejudice.

Any party has fourteen (14) days from receipt of this Report and Recommendation in which to file any written objections to it with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in which to file any responses to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. Thomas v. Arn, 474 U.S. 140 (1985); Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004)(en banc).

ENTERED this 2nd day of September, 2010.

                                          s/ John S. Bryant
                                          JOHN S. BRYANT
                                          UNITED STATES MAGISTRATE JUDGE